IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VIVIAN HANDY, | ) |
| Plaintiff, | ) |
| | ) CASE NO. 2:20-CV-0017 |
| v. | ) |
| | ) |
| ALABAMA DEPARTMENT OF LABOR, | ) JURY TRIAL REQUESTED |
| FITZGERALD WASHINGTON, & RENEE | ) |
| MINOR, | ) |
| | ) |
| Defendants | ) |

RECEIVED
2020 JAN -9 A 8:53
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## COMPLAINT

**COMES NOW** the Plaintiff, Vivian Handy, by and through her undersigned counsel of record, and hereby doth complain and aver against the above-named Defendants, as set forth herein-below.

### I. JURISDICTION & VENUE

1.      Plaintiff Handy files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 1334 (a)(4), as an action arising under the Act of Congress known as Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000(e) et seq.), as amended by the 1991 Civil Rights Act, and also 42 U.S.C. § 1981(a); and 42 U.S.C. § 1201, et seq. through 42 U.S.C. § 1983; to obtain equitable and injunctive relief, the costs of suit, including reasonable attorneys' fees, and damages suffered by the Plaintiff, due to the Defendant's discrimination against Plaintiff.

2.      Plaintiff Handy filed a charge of race discrimination with the EEOC in Birmingham on August 27, 2019. Plaintiff received a right-to-sue on October 21, 2019,

1

giving her the right to pursue this claim in federal court for 90 days after said receipt, or until January 19, 2020 on her initial Title VII claims and longer on her 42 U.S.C. § 1981 claims. (Exhibit A). As to claims further articulated in an Amended and Supplemental charge filed on September 12, 2019, Plaintiff Handy anticipates a right to sue forthcoming that will be amended in. However, the allegations of the second charge are simply an outgrowth and expansion of the first charge and are thus appropriate for inclusion in this initial complaint.

3. Venue is proper in the Northern Division of the Middle District of Alabama, since the alleged discriminating action of Defendant occurred in Montgomery County, Alabama.

## II. PARTIES

4. The named Plaintiff, Vivian Handy (hereinafter "Plaintiff" or "Ms. Handy"), is a citizen of the United States and a resident of Montgomery County, Alabama. Plaintiff is over the age of nineteen years.

5. The Defendant, Alabama Department of Labor (hereinafter "Defendant" or ("ADOL"), headquartered and a resident of Montgomery County, Alabama. The Defendant Renee Minor, a Caucasian, is a resident of Elmore County, Alabama, and Defendant Fitzgerald Washington, an African American, is a resident of Tuscaloosa County.

6. The Title VII count is directed towards the Alabama Department of Labor, but the 42 U.S.C. § 1981 and §1981(a) counts are directed towards Ms. Renee Minor and Mr. Fitzgerald Washington, who have acted under color of state law in violation of Plaintiff Handy's right not to be discriminated against because of her race.

## III. STATEMENT OF FACTS

7. Ms. Handy is an African American female.

8. Ms. Handy began working for the Alabama Department of Labor in October 2005 as a Departmental Personnel Manager I (and later promoted to DPM II) and remained in such a position with the additional duty of H.R. Director until the Defendants ADOL and Washington persuaded her to accept a non-merit position of Labor Administrator on January 16, 2016. While Plaintiff was aware that her new position was non-merit system, she also knew, notwithstanding, that she was entitled by federal law not to be discriminated against because of her race, and not wrongfully retaliated against under federal law. Plaintiff also knew she had the rights and benefits of an ADOL employee under the ADOL Handbook stating that "Employees also have the right to work in an environment that is free of harassment of any kind and that any employee... may file a complaint in accordance with departmental procedures without fear of retaliation or reprisal."

9. In a January 22, 2018 memorandum to all ADOL employees, Defendant Fitzgerald Washington proclaimed the ADOL Harassment policy as follows:

> "Harassment, in any form, by or against employees or applicants is unacceptable conduct that will not be tolerated and is grounds for immediate dismissal.
>
> The ADOL is committed to providing a work environment that is free from harassment in all areas. Harassment based upon an individual's sex, race, color, national origin, age, religion, pregnancy, disability, sexual orientation, ethnicity, genetic information or any other legally protected characteristic will not be tolerated. All employees, including supervisors and other management personnel, are expected and required to abide by this policy. No person will be adversely affected in employment because of bringing a complaint of unlawful harassment. Disciplinary action, however, may be taken against an employee

who falsifies or otherwise willfully makes misstatements of facts in his/her charge of harassment."

10. Mr. Washington's memo further defined harassment as follows:

"The definition of harassment includes any form of bullying, intimidation or retaliation. Bullying is defined as a form of aggressive behavior manifested by the use of force or coercion to affect others, particularly when the behavior is habitual and involves an imbalance of power. Intimidation is defined as an action designed to force another into or deter another from some action by inducing fear, fright or purposeful embarrassment, especially if done to get what the intimidator desires. Harassment can include verbal harassment, physical assault or coercion and may be directed repeatedly towards particular individuals, perhaps on grounds of race, religion, gender, sexuality, or ability. The "imbalance of power" may be social and/or physical power."

11. Plaintiff Handy, as the high-level Administrator that she was, has always strongly instructed employees at ADOL against engaging in any forms of harassment, bullying, intimidation or wrongful retaliation. Unfortunately, Plaintiff found herself on the receiving end of such racial harassment by ADOL and the individual defendants.

12. When Plaintiff Handy vacated the H.R. Director's job, she was soon replaced by a white female, namely Ms. Renee Minor. At first, Plaintiff and Ms. Minor got along quite well. However, in time, it appeared Ms. Minor was viewing Plaintiff Handy as competition for the responsibilities of Plaintiff Handy's job. Ms. Minor also conveyed to Plaintiff Handy a certain rivalry, which appeared to be race-related. To Plaintiff Handy, Ms. Minor acted like she could do Plaintiff Handy's current job better than Plaintiff Handy. Ms. Minor also said Plaintiff Handy needed to engage in training her (Handy's) staff differently from what Handy believed was in her staff's best interest.

13. Another race-related example was Ms. Minor's taking a superior attitude towards Plaintiff Handy in the development of the department's Orientation/Onboarding

4

Program, an attitude Ms. Minor did not display towards her Caucasian counterparts or subordinates. Plaintiff Handy wanted the program developed as an online program, making it more readily available, and saving ADOL money by doing so. ADOL's Finance Director agreed that Plaintiff Handy's online program was a "no-brainer", as opposed to bringing people in and having them travel distances, which was the way Ms. Minor would have it done.

14. Ms. Minor also regularly ignored Plaintiff Handy's requests for work-related information. Plaintiff Handy's Caucasian counterparts' requests for work-related information were not ignored by Ms. Minor. This made it difficult for Plaintiff Handy to complete the modernization of the new training database. Plaintiff Handy also encountered incidents where Ms. Minor put off Plaintiff Handy's requests, saying she would be getting back with Plaintiff Handy, but Ms. Minor never did.

15. Plaintiff Handy further discovered on May 22, 2019, that Ms. Minor had removed Handy's name from the distribution list of jobs provided weekly from the State Personnel Department. Ms. Minor did not supervise Plaintiff Handy, nor did Ms. Minor possess the authority to have Ms. Handy's name removed from a distribution list. When Ms. Minor attempted to provide a good-faith excuse, Plaintiff Handy noted, without telling her that, Gregg Morrison's name had not been removed, making Plaintiff Handy wonder why she was being singled out.

16. Further, on June 24, 2019, Ms. Minor wrongfully questioned Plaintiff Handy's authority and judgment in making a decision to provide the simulated registers to the E.S. Director, Mr. Robert Brantley. Ms. Minor was angered or infuriated by Plaintiff Handy's decision, even though Plaintiff Handy was trying to do good for the

agency and totally within her rights. Plaintiff Handy was being unfairly scolded for what she was doing correctly. Ms. Minor's anger and scolding of Plaintiff Handy appeared to be fueled by a racial animus against the Plaintiff.

17. Ms. Minor adopted a superior attitude towards Plaintiff Handy, which was unnecessary and unwarranted especially since Plaintiff Handy was higher ranked. Said attitude of Ms. Minor's and her condescending treatment of Plaintiff Handy appeared to rise from a racial bias of superiority by Defendant Minor towards Plaintiff Handy. Accordingly, Plaintiff Handy filed an initial charge of race discrimination with the EEOC against ADOL on August 27, 2019 raising many of the foregoing issues.

18. Plaintiff Handy later, on September 12, 2019 filed an Amended and Supplemental Affidavit with the EEOC, which stated in paragraphs 1-4 as follows:

> "1. I am one and the same person who filed the initial charge of discrimination under EEOC Charge No. 846-2019-36579 on August 28, 2019 that was received by the EEOC and responded to by investigator Michael Albert by email dated September 11, 2019. Mr. Albert stated that he didn't believe I had suffered a sufficient adverse employment action.
>
> 2. That is belied by a July 31, 2019 letter I was handed on August 14, 2019 by Mr. Fitzgerald Washington. In said letter (see Exhibit A), Mr. Washington as the appointing authority for the Alabama Department of Labor, tells me that the job to which I was appointed, namely Labor Administrator, is due to be closed effective December 31, 2019, and will no longer be utilized. This is just a fancy way of telling me I was terminated.
>
> 3. I hereby adopt everything stated in my prior charge and say that the unlawful discrimination I suffered caused me to be terminated, even though the semantics in the letter says that the job was just being closed.
>
> 4. I also believe that I have been wrongfully terminated because I served as the witness to an illegal political appointment influenced by race, namely the appointment of Mr. Gage Pregno, a white male. He was appointed to a high-level merit system job to

which he was not qualified. I complained about the illegal racial appointment, and was wrongfully retaliated against as a witness."

19.  Plaintiff Handy acknowledges that, on the surface and in other cases, both individual defendants Washington, as Secretary of Labor, and Minor, as H.R. Director would say they are opposed to race discrimination, but their actions were louder than words.

20.  The circumstances of this case involve ample complexities, particularly in the complicity by which the defendants Washington and Minor acted together.  It became further painfully obvious to the Plaintiff that Defendant Washington has given Defendant Minor excessive authority and leeway to run roughshod over the Plaintiff, especially in the circumstances set forth in paragraphs 12-17 above.  Plaintiff Handy expects the Defendant Minor to say she was only doing what Defendant Washington has allowed to do, even though great manipulation of Minor by Washington was taking place.  Nonetheless, Defendant Washington knowingly acquiesced in Minor's racially discriminating conduct, could have stopped such offensive conduct but did not, and accordingly adopted and ratified said racially discriminatory conduct of Defendant Minor, thus making it also the policy of Defendant ADOL.

21.  The sum total of Defendant Minor's conduct in paragraphs 12-17 above, ongoing at least since December 2018, but revving up in the ensuing months up to Plaintiff's August 14, 2019 receipt of Defendant Washington's July 31, 2019 letter, culminated in the notice that her "position will no longer be utilized, after December 31, 2019." In effect, this sugar-coated and/or obscured the endemic racial discrimination resulting in the Plaintiff's termination, effective December 31, 2019.

7

22. Other unfortunate work incidents, following Plaintiff's receipt of the aforesaid letter, also reflected on an unfair attempt by Defendant Washington to paint Plaintiff in a bad light, to justify the forthcoming involuntary end of her employment. One incident in October 2019 involved Defendant Washington's unfairly blaming the Plaintiff for not planning the year 2019's employee appreciation event. In reality, it was Fitzgerald's responsibility to schedule and plan such an event, but he did not, and unfairly passed the blame onto Plaintiff Handy.

23. While the Defendants Washington and Minor are much too sophisticated to use racial terms, or even admit to racial motives, the unfortunate truth remains that Defendant Minor, several months after her initial appointment as H.R. Director, began treating Plaintiff in such a harsh, belittling and condescending manner that it resembled the not-so-subtle way white administrators sometimes talk down to their black subordinates. This was especially true in the allegations set forth in paragraphs 12-17 above. Once said racially-inspired treatment was set forth in motion, it snowballed or dominoed and influenced Defendant Washington into believing that Plaintiff was no longer needed and expendable.

24. As a proximate result of said racially motivated harassment of Plaintiff, acquiesced in and ratified by the Defendant Washington, and encouraged by actions of Defendant Minor, the ADOL, acting via Defendant Washington, decided to non-renew Plaintiff's tenure as the non-merit system Administrator of the Defendant ADOL.

## IV. PLAINTIFF'S CAUSES OF ACTION

### COUNT ONE - RACE DISCRIMINATION PURSUANT TO 42 U.S.C. §2000(e) AGAINST DEFENDANT ADOL

25.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 24 above, the same as if more fully set forth herein, and further avers that the Defendants' actions toward her violated her right to be free of race discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000(e), et seq.), as amended by the 1991 Civil Rights Act.

26.     As a proximate cause of Defendants' afore-described actions in discriminating against Plaintiff, due to her race, Plaintiff was injured and damaged, as more fully set forth in paragraphs 1 through 24 above. In addition, Plaintiff has suffered considerable mental and emotional anguish.

27.     Plaintiff avers that she has pursued and exhausted her administrative remedies.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Handy respectfully prays that this Court grant the following relief:

a)     Judgment declaring that the Defendant discriminated against Plaintiff, on the basis of Plaintiff's race;

b)     An order granting Plaintiff compensation for rights to which Plaintiff would have been entitled, had Plaintiff not been the victim of race discrimination, effective from the date of final judgment;

c)     An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

d) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief; and

e) Such further, other and different relief as the Court may deem appropriate and necessary.

## COUNT TWO - UNLAWFUL RETALIATION PURSUANT TO 42 U.S.C. §2000(e) AGAINST DEFENDANT ADOL

28. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 - 24 above, the same as if more fully set forth herein, and further avers that the Defendants violated her right to be free of unlawful retaliation after she filed her EEOC charge against ADOL, violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, (42 U.S.C. §2000e, et seq.), as amended by the 1991 Civil Rights Act.

29. As a proximate cause of Defendant's afore-described actions of unlawful retaliation against Plaintiff, the Plaintiff was injured and damaged, as set forth above. In addition, Plaintiff has suffered considerable mental and emotional anguish.

30. Plaintiff avers that she has pursued and exhausted her administrative remedies.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a) A judgment declaring that the Defendant has unlawfully retaliated against the Plaintiff after she filed her EEOC charge;

b) An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

c) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

d) Such further, other and different relief as the Court may deem appropriate and necessary.

### COUNT THREE - RACE-BASED COLD AND HOSTILE WORKING ENVIRONMENT PURSUANT TO 42 U.S.C. §2000(e) AGAINST DEFENDANT ADOL

31. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 24 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward her violated her right to be free of a race-based cold and hostile working environment in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. §2000(e), et seq.), as amended by the 1991 Civil Rights Act.

32. As specifics for the race-based cold and hostile work environment that Plaintiff suffered, Plaintiff cites the facts set forth particularly in the statement of facts above, paragraphs 1 through 24 above.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a) A judgment declaring that the Plaintiff was subjected to an egregious race-based hostile work environment;

b) An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

c) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

d)  Such further, other and different relief as the Court may deem appropriate and necessary.

### COUNT FOUR – RACE DISCRIMINATION BY FITZGERALD WASHINGTON & RENEE MINOR AGAINST PLAINTIFF HANDY, PURSUANT TO 42 U.S.C. § 1981, THROUGH 42 U.S.C. § 1983.

33.  Plaintiff repeats, realleges and incorporates paragraphs 1 through 24 above, the same as if more fully set forth herein, and further avers that the Defendant Washington's and Minor's actions, acting under color of state law, violated Plaintiff's right to be free of race discrimination in employment, in violation of 42 U.S.C. § 1981, and § 1981(a), through 42 U.S.C. § 1983.

34.  As a proximate cause of the Defendant Washington's and Minor's afore-described actions in discriminating against Plaintiff, due to her race, Plaintiff was injured and damaged, as more fully set forth above. In addition, Plaintiff has suffered considerable mental and emotional anguish.

35.  Plaintiff avers that she has pursued and exhausted her administrative remedies.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a)  A judgment declaring that the Defendants Washington and Minor discriminated against the Plaintiff, on the basis of Plaintiff's African-American race;

b)  Injunctive relief ordering that the Defendants Washington and Minor reinstate Plaintiff to her employment at ADOL;

c) Such further, other and different relief as the Court may deem appropriate and necessary.

### V. JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted this 9th day of January 2020.

Vivian Handy, Plaintiff

_____
Julian McPhillips (ASB-3744-L74J)
Counsel for Plaintiff

_____
Chase Estes (ASB-1089-F44L)
Counsel for Plaintiff

**OF COUNSEL:**
**MCPHILLIPS SHINBAUM, L.L.P.**
516 South Perry Street
Montgomery, Alabama 36104
T: (334) 262-1911
F: (334) 263-2321
julianmcphillips@msg-lawfirm.com
cestes@msg-lawfirm.com